Benjamin Brenner, J.
This is an application for judicial approval of a certificate of incorporation under section 10 of the Membership Corporations Law, whose stated purpose it is ‘ ‘ to develop a program to meet the cultural, physical, mental and community needs of the individual”. The certificate consists of a printed form upon which only the bare essentials are typed and is accompanied by an affidavit of an attorney who explains that the proposed name means “ Spanish American Fraternity, Inc.”.
I am aware that Matter of Association for Prevention of Freedom of Choice v. Shapiro (9 N Y 2d 376, 382) enjoins Special Term not to inquire whether * ‘ objects and purposes of the pro *107 posed corporation are in accord with public policy * * * and not injurious to the community ”, the majority of the Court of Appeals reasoning that the public policy of the State is not violated by purposes not unlawful and that the test “as to what may be injurious to the community is too vague, indefinite and elusive to serve as an objective judicial standard”. Confining myself, then, to what the court indicated was my sole remaining function, namely, that of applying 1 ‘ judicial scrutiny ’ ’ as intended by the Legislature, to ‘1 ascertain whether the proposed corporation is for a lawful purpose ” I nevertheless find it impossible to exercise such function of ‘‘ judicial scrutiny ” simply on the basis of the explicit language of the objectives as they are set out in the proposed certificate.
As Mr. Justice Foster has indicated in the cited case, if, for example, it were the purpose of incorporators to agitate for a change in the form of the State government coupled with advocacy of force and violence, this would be an unlawful purpose which would justify disapproval. To be sure, the State could not lend its prestige and its franchise of incorporation for the very purpose of promoting its self-destruction through unlawful means. Yet it should be obvious that no group seeking such an objective would plainly so state in its proposed certificate and would naturally dissemble and hide its illegal purpose in language which is innocuous and otherwise acceptable. Thus it is difficult to conceive of any proposed certificate containing plain language descriptive of an unlawful organizational purpose. Since this is surely so, what then would be the value of a “judicial scrutiny” which does not scrutinize but relies solely on stated objectives. In its present form the certificate contains no affidavits, no assurances, no undertaking which, other than possible revocation of the certificate would involve the subscribers in any penalty if what is purported to be the objectives are false and turn out to be unlawful.
Approval of the certificate is therefore declined with leave to renew upon accompanying affidavits of the subscribers in which they shall set forth character references, personal facts relative to their work and home situations and information concerning the conduct and activity of the proposed organization.